TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00099-CR







Lashawn Dawaun Henry, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,049, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated sexual assault of a child and assessed
punishment at imprisonment for thirty-five years and a $10,000 fine. Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(ii), (a)(2)(B) (West Supp. 1996). We will affirm.

 The complaining witness, who was eleven years old at the time of the offense, testified that
she and friends were walking past Alvin Melton's house when Melton (age unknown), Ed Wells (thirteen
years old), and appellant (twenty-one years old) seized her and took her inside. There, she was forced
to perform fellatio on the three men, who videotaped the acts. The videotape was shown to the jury. In
his own testimony, appellant admitted having oral sex with the complainant, but insisted that she voluntarily
participated and that he was unaware of her young age.

 Wells testified for the State. He admitted engaging in sexual conduct with the complainant,
saying he did so at appellant's insistence. He also testified that he made the videotape of appellant, Melton,
and the complainant. In two points of error, appellant contends his constitutional right of confrontation was
violated when the district court refused to permit him to cross-examine Wells about the punishment he
received in juvenile court for his part in this offense. U.S. Const. amend. VI; Tex. Const. art. I, § 10. (1) 
Outside the jury's presence, Wells testified that he was on probation for one year, with the condition that
he spend twenty-five days in a juvenile detention facility.

 As part of the confrontation right, a defendant must be given great latitude to show any fact
that would tend to establish ill feeling, bias, motive, or animus on the part of a witness testifying against him. 
Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986); Hurd v. State, 725 S.W.2d 249, 252 (Tex.
Crim. App. 1987). The rules of criminal evidence recognize the right to impeach a witness by proof of
circumstances or statements showing bias or interest on the part of the witness. Tex. R. Crim. Evid.
612(b). A long line of federal and state authority holds that a pending criminal charge is an appropriate
area of cross-examination for the purpose of testing a witness for possible bias or motive to falsify
testimony. See Carroll v. State, 916 S.W.2d 494, 499 (Tex. Crim. App. 1996) (citing cases). 

 In Davis v. Alaska, 415 U.S. 308 (1974), a key government witness in a burglary
prosecution was on juvenile probation for unrelated burglaries in the same community. Citing state statutes
preserving the confidentiality of juvenile adjudications, the trial court refused to allow the defense to cross-examine the witness about his probationary status and its influence on his decision to assist the government
in identifying appellant and testifying at trial. The Supreme Court held that the defendant's Sixth
Amendment right outweighed the state's interest in protecting the anonymity of juvenile offenders and that
"defense counsel should have been permitted to expose to the jury the facts from which the jurors, as the
sole triers of fact and credibility, could appropriately draw inferences relating to the credibility of the
witness." 415 U.S. at 318-19.

 Spain v. State, 585 S.W.2d 705 (Tex. Crim. App. 1979), was a prosecution for theft
growing out of an embezzlement scheme involving the defendant and two other persons. Both of the
defendant's confederates testified for the State. One of the confederates had previously pleaded guilty to
his part in the scheme and received a five-year probated sentence. The defendant sought to cross-examine
the witness regarding the probated sentence in order to show his bias and motive to testify, but this
questioning was not allowed by the trial court. The Court of Criminal Appeals held that the court's refusal
to allow the defendant to show that the witness received a probated sentence violated the Sixth Amendment
right to confrontation. 585 S.W.2d at 710. 

 A trial judge may place reasonable limits on cross-examination aimed at showing a witness's
bias or motive for testifying. Van Arsdall, 475 U.S. at 679; Hurd, 725 S.W.2d at 252. In ruling that
appellant would not be permitted to question Wells about the juvenile court disposition, the district court
stated, "To make it understandable, I have to go through and give a seminar on juvenile justice law to the
jury concerning the maximum punishment, which we all know, in reality, is probation, and he got the
maximum punishment, in reality. . . . I don't think it's -- any relevance it might have is certainly overweighed
-- overshadowed by its waste of time and prejudicial effect." While the concerns expressed by the court
are legitimate, we are forced to conclude in light of the opinions in Davis, Spain, and Carroll that the court
abused its discretion by prohibiting cross-examination of Wells about his status as a probationer. (2)

 A violation of the Sixth Amendment confrontation right is subject to harmless error analysis. 
Van Arsdall, 475 U.S. at 684; Shelby v. State, 819 S.W.2d 544, 546-47 (Tex. Crim. App. 1991).



The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was
harmless beyond a reasonable doubt. Whether such an error is harmless in a particular
case depends upon a host of factors . . . . These factors include the importance of the
witness' testimony in the prosecution's case, whether the testimony was cumulative, the
presence or absence of evidence corroborating or contradicting the testimony of the
witness on material points, the extent of cross-examination otherwise permitted, and, of
course, the overall strength of the prosecution's case.



Van Arsdall, 475 U.S. at 684.

 The critical fact in this cause, which is relevant to several of the factors mentioned in Van
Arsdall, is that appellant admitted committing the unlawful act alleged in the indictment. Needless to say,
this admission greatly strengthened the State's case and rendered Wells's testimony less important than it
might otherwise have been. On this record, Wells's chief contribution to the State's case was to
authenticate the videotape. This exhibit would have been no less damaging to appellant if the jury had
known that Wells was on juvenile probation. It is also important that Wells admitted committing the same
unlawful act, a fact that the jury could consider when assessing his credibility. Assuming that the damaging
potential of the erroneously denied cross-examination were fully realized, and taking into consideration the
relevant factors mentioned in Van Arsdall, we conclude that the district court's error was harmless beyond
a reasonable doubt. Points of error one and two are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 18, 1996

Do Not Publish

1.   Although appellant presents his state and federal constitutional claims in separate points of
error, he combines the two points for discussion and does not argue that the United States and
Texas constitutions differ in any relevant respect. See Morehead v. State, 807 S.W.2d 577, 579
n.1 (Tex. Crim. App. 1991).
2.   The court also barred cross-examination regarding any understanding or bargain Wells had
with the State because questioning outside the jury's presence revealed "no evidence of any pre-trial agreement, coercion, duress, promises, actual or implied." This, too, was error. Appellant
was not required to show that his cross-examination would have established the facts sought to
be proved. Spain, 585 S.W.2d at 710.


was not allowed by the trial court. The Court of Criminal Appeals held that the court's refusal
to allow the defendant to show that the witness received a probated sentence violated the Sixth Amendment
right to confrontation. 585 S.W.2d at 710. 

 A trial judge may place reasonable limits on cross-examination aimed at showing a witness's
bias or motive for testifying. Van Arsdall, 475 U.S. at 679; Hurd, 725 S.W.2d at 252. In ruling that
appellant would not be permitted to question Wells about the juvenile court disposition, the district court
stated, "To make it understandable, I have to go through and give a seminar on juvenile justice law to the
jury concerning the maximum punishment, which we all know, in reality, is probation, and he got the
maximum punishment, in reality. . . . I don't think it's -- any relevance it might have is certainly overweighed
-- overshadowed by its waste of time and prejudicial effect." While the concerns expressed by the court
are legitimate, we are forced to conclude in light of the opinions in Davis, Spain, and Carroll that the court
abused its discretion by prohibiting cross-examination of Wells about his status as a probationer. (2)

 A violation of the Sixth Amendment confrontation right is subject to harmless error analysis. 
Van Arsdall, 475 U.S. at 684; Shelby v. State, 819 S.W.2d 544, 546-47 (Tex. Crim. App. 1991).



The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was
harmless beyond a reasonable doubt. Whether such an error is harmless in a particular
case depends upon a host of factors . . . . These factors include the importance of the
witness' testimony in the prosecution's case, whether the testimony was cumulative, the
presence or absence of evidence corroborating or contradicting the testimony of the
witness on material points, the extent of cross-examination otherwise permitted, and, of
course, the overall strength of the prosecution's case.



Van Arsdall, 475 U.S. at 684.

 The critical fact in this cause, which is relevant to several of the factors mentioned in Van
Arsdall, is that appellant admitted committing the unlawful act alleged in the indictment. Needless to say,
this admission greatly strengthened the State's case and rendered Wells's testimony less important than it
might otherwise have been. On this record, Wells's chief contribution to the State's case was to
authenticate the videotape. This exhibit would have been no less damaging to appellant if the jury had
known that Wells was on juvenile probation. It is also important that Wells admitted committing the same
unlawful act, a fact that the jury could consider when assessing his credibility. Assuming that the damaging
potential of the erroneously denied cross-examination were fully realized, and taking into consideration the
relevant factors mentioned in Van Arsdall, we conclude that the district court's error was harmless beyond
a reasonable doubt. Points of error one and two are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 18, 1996

Do Not Publish

1.   Although appellant presents his state and federal constitutional c